**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CESSOLEY MONIQUE TEZENO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO. 3:25-cv-00718** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **UT-BATTELLE, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's motion (Doc. No. 10), arguing this case should be dismissed for improper service, improper venue or, alternatively, transferred to the Eastern District of Tennessee under 28 U.S.C. § 1404(a). Plaintiff filed a response in opposition (Doc. No. 14), and Defendant filed a reply in further support of its motion (Doc. No. 16). For the reasons stated herein, motion (Doc. No. 10) is **GRANTED** as to the requested transfer.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The parties agree this employment discrimination action *could* have been brought in the Eastern District of Tennessee because the events giving rise to Plaintiff's claims – namely, Plaintiff's employment for Defendant in the Oak Ridge National Lab – occurred within that judicial district. 28 USCA § 1391(b)(2). Accordingly, the Court next considers "whether on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013) (quoting 28 U.S.C. § 1404(a)). This inquiry focuses chiefly on the public and private interests at stake. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981).

Factors relating to the parties' private interests include the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; and all other practical problems that make trial of a case easy, expeditious and inexpensive. *See Atl. Marine Const. Co.*, 571 U.S. at 62 n. 6 (citing *Piper Aircraft Co.*, 454 U.S. at 241 n. 6). Defendant asserts that the private interests strongly favor transfer here because their witnesses, operative facts, and sources of proof are all located and most accessible in the Eastern District of Tennessee. Plaintiff counters that transfer would merely shift the inconvenience to her, and that Defendant consists of a 50/50 partnership with the University of Tennessee, which has at least two locations in the Middle District. However, Defendant has the better argument here where all the relevant facts in the complaint all happened in the Eastern District of Tennessee; the Middle District has no connection to these events or to Plaintiff. And Plaintiff does not dispute that most of the witnesses relevant to this suit are in the Eastern District of Tennessee. These factors strongly favor transfer to the Eastern District of Tennessee.

Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law. *See id*. Defendant maintains that because the controversy arose in the Eastern District and none of the operative evidence or parties are in the Middle District, the public in this district has no relevant interest in this case being resolved here rather than in the Eastern District, while the inverse would be true for the public in the Eastern District of Tennessee. Plaintiff does not argue otherwise in her response. The Court finds the public-interest factors also strongly favor transfer.

Finally, the Court must also give some weight to Plaintiff's choice of forum. *See id*. However, Plaintiff's chosen forum of the Middle District of Tennessee is entitled to less deference

2

here because she resides in Texas and her chosen forum has no connection to the alleged civil rights violations that form the basis of her suit. *See Van Cleave v. University of South*, 607 F.Supp.3d 783, 789 (M.D. Tenn. 2022).

Based upon the foregoing analysis, the Court finds the standard for transfer pursuant to 28 U.S.C. § 1404(a) is met and it is in the interest of justice to transfer venue for the convenience of parties. Accordingly, Defendant's motion (Doc. No. 10) is **GRANTED** in part, and the Clerk is directed to **TRANSFER** this action to the Eastern District Court of Tennessee.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

3